UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRIQUES JACKSON,

    Petitioner,                                     Civil No. 2:09-CV-11928
                                                  HONORABLE PAUL D. BORMAN
v.                                               UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DELETE
UNEXHAUSTED CLAIM FROM THE PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER**

      Rodriques Jackson, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Lawrence J. Bunting, petitioner challenges his conviction for three counts of first-degree criminal sexual conduct and three counts of felony-firearm. The respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). Respondent has not addressed the merits of petitioner's claims in its answer.

      Petitioner has now filed a reply to the answer, in which he requests to amend his petition to delete his unexhausted claim (Claim # 3) and to have the Court reach the merits of his exhausted claims contained in his habeas petition.

      For the reasons stated below, petitioner's request to delete the unexhausted claim from his petition for writ of habeas corpus is **GRANTED**. The Court further **ORDERS** the

1

respondent to file a supplemental answer addressing the merits of the exhausted claims and any Rule 5 materials that have not yet been filed with the Court within sixty days of the Court's order.

I.  **DISCUSSION**

    **A.  The Court will grant Petitioner's motion to delete the unexhausted claim from the petition for writ of habeas corpus**.

Petitioner filed an application for writ of habeas corpus on four grounds.  Respondent moved for the Court to dismiss the petition for writ of habeas corpus on the ground that Petitioner had failed to exhaust his third claim involving an alleged violation of his right to confrontation.  Petitioner has moved for this Court to delete this unexhausted claim to permit him to proceed with his exhausted claims.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 Fed.Appx. 414, 421 (6th Cir. 2005).  Accordingly, in *lieu* of dismissing the petition, the Court will permit petitioner to delete the unexhausted Confrontation Clause claim from his petition.

    **B.  The Court will order Respondent to file a Supplemental Answer addressing the merits of petitioner's exhausted claims and any additional Rule 5 materials within sixty days**.

The Court will further order respondent to file a supplemental answer which addresses the merits of petitioner's exhausted claims within sixty days of this order.  A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998).

Respondent in this case simply filed an answer which called for dismissal of the petition in exhaustion grounds without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

The Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243. In light of the amount of time that has passed in this case, the Court orders respondent to file its supplemental answer to the petition for writ of habeas corpus within sixty days of this order.

The court also orders respondent to provide any the Rule 5 materials which it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of

3

the transcripts be furnished. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

## II. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that petitioner's request to delete the unexhausted claim from the petition for writ of habeas corpus is **GRANTED.**

The Court further **ORDERS** respondent to submit an answer addressing the merits of petitioner's three remaining habeas claims (Claims # 1, 2, and 4) within **SIXTY DAYS** of the date of this order.  Respondent is further ordered to any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

**SO ORDERED.**

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 25, 2010.

S/Denise Goodine  
Case Manager