UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRIQUES JACKSON,

          Petitioner,

                        CIVIL NO. 2:09-CV-11928
v.                             HONORABLE PAUL D. BORMAN
                        UNITED STATES DISTRICT COURT

NICK LUDWICK,

          Respondent.
_____/

## OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY

On September 20, 2011, this Court issued an opinion and order denying petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability. *See Jackson v. Ludwick,* No. 09-CV-11928, 2011 WL 4374281 (E.D. Mich. September 20, 2011). Petitioner subsequently filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). On June 11, 2012, this Court denied the motion for relief from judgment in part. The Court also transferred the case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination as to whether petitioner should be permitted to file a second or successive habeas petition.

Petitioner has now filed a notice of appeal from this decision, which this Court construes as a request for a certificate of appealability.[1] For the reasons that follow, the Court will deny petitioner a certificate of appealability.

A certificate of appealability is required not only to appeal the initial denial of a petition

---

[1] *See Luberda v. Trippett,* 211 F.3d 1004, 1006 (6th Cir. 2000); *Hilliard v. United States,* 157 F.3d 444, 447 (6th Cir. 1998).

1

for a writ of habeas corpus, but also for a habeas petitioner to appeal from the denial of a Rule 60(b) motion for relief from judgment. *See Johnson v. Bell,* 605 F.3d 333, 336 (6th Cir. 2010); *See also Wilson v. U.S.,* 287 F. App'x. 490 (6th Cir. 2008)(defendant was required to obtain a certificate of appealability before appealing the denial of his motion for relief from judgment denying his § 2255 motion to vacate sentence, which had been construed as a successive habeas petition). In order to obtain a certificate of appealability, the petitioner must show that reasonable jurists could debate that the Rule 60(b) motion could have been resolved differently or that the claims raised deserved further review. *Johnson,* 605 F.3d at 339 (citing *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003)).

The Court denied the Rule 60(b) motion in part, rejecting petitioner's argument that the Court should extend the time for petitioner to file an appeal because petitioner's counsel of record had failed to file either a motion for reconsideration or a timely notice of appeal, so as to preserve petitioner's right to appeal. This Court noted that there is no constitutional right to counsel in habeas proceedings. Petitioner was aware that this Court had denied him habeas relief on September 20, 2011. This Court concluded that counsel's failure to file a timely notice of appeal with the Sixth Circuit on petitioner's behalf did not prevent petitioner from filing his own notice of appeal with the Sixth Circuit in a timely manner, thus counsel's failure to file a notice of appeal on petitioner's behalf did not justify the reissuance of the opinion to extend the time for petitioner to file a notice of appeal.

In his motion for relief from judgment, petitioner further alleged that this Court erred in rejecting his claim that he had been denied counsel of his choice when the trial judge had several attorneys stand-in for retained counsel during jury deliberations without obtaining a proper

2

waiver of counsel from petitioner. This Court concluded that this portion of petitioner's motion for relief from judgment amounted to a second or successive habeas petition, because the motion sought to advance a claim that this Court had previously considered and dismissed on substantive, constitutional grounds. This Court ordered that the motion for relief from judgment should be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether petitioner should be permitted to file a second or successive habeas petition.

Petitioner is not entitled to a certificate of appealability from the denial of his Rule 60(b) motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

**IT IS HEREBY ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED   7-26-12